

# Your Missouri Courts

.net

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print |

GrantedPublicAccess  **Logoff CKRAUSHAAR**

## 20SL-CC04968 - ANDY HOWARD V BOW WOW PROPERTIES I INC. (E-CASE)

| Case Head | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries ▾

---

**10/27/2020** ☐ **Summons Personally Served**

Document ID - 20-SMCC-9652; Served To - BOW WOW PROPERTIES I INC.; Server - ; Served Date - 23-OCT-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**10/26/2020** ☐ <u>Notice of Service</u>

Affidavit of Served Summons.
    **Filed By:** BRYAN ETHAN BRODY
    **On Behalf Of:** ANDY HOWARD JR

**10/20/2020** ☐ <u>Summons Issued-Circuit</u>

Document ID: 20-SMCC-9652, for BOW WOW PROPERTIES I INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/29/2020** ☐ **Filing Info Sheet eFiling**
    **Filed By:** BRYAN ETHAN BRODY

    ☐ <u>Motion Special Process Server</u>
    SPECIAL PROCESS SERVER REQUEST.
    **Filed By:** BRYAN ETHAN BRODY
    **On Behalf Of:** ANDY HOWARD JR

    ☐ <u>Pet Filed in Circuit Ct</u>
    PETITION.

    ☐ **Judge Assigned**
    DIV 1

---

Case.net Version 5.14.9

Return to Top of Page

Released 10/19/2020

**20SL-CC04968**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **ANDY HOWARD, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No:** |
| | ) | |
| **BOW WOW PROPERTIES I INC.** | ) | |
| **d/b/a INSTACREDIT AUTOMART,** | ) | **Division No:** |
| Serve: R/Agt: C T Corporation System | ) | |
| 120 S Central Ave. | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| **Defendant.** | ) | |

## INTRA-STATE CLASS ACTION PETITION

**COMES NOW** Plaintiff Andy Howard, Jr., by and through his undersigned counsel, and asserts his cause of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA") and the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*) (the "MMWA") against Defendant Bow Wow Properties I Inc. and in support thereof, states to the Court the following:

## BACKGROUND

1. Plaintiff is adult individual resident of the State of Missouri.

2. Defendant Bow Wow Properties I Inc. is a domestic corporation, registered and in good standing with the Missouri Secretary of State.

3. Defendant owns the fictitious name InstaCredit AutoMart with the Missouri Secretary of State and operates Missouri dealership number D6815.

4. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

5. This Court has the statutory authority to grant the relief requested herein pursuant to § 407.025 R.S.Mo, and  15 U.S.C. § 2310(d).

6. Venue is proper in St. Louis County pursuant to § 407.025 R.S.Mo., where Defendant resides care of its registered agent and its registered office.

7. Defendant offered for sale a 2013 Chevrolet Spark bearing the Vehicle Identification Number KL8CF6S9XDC500674 (hereinafter the "Vehicle").

8. Defendant represented to Plaintiff that Defendant had employees that were capable of and had performed a comprehensive inspection of the Vehicle that revealed no mechanical problems.

9. Plaintiff purchased the Vehicle from Defendant on April 7, 2020.

10. Plaintiff and Defendant memorialized their agreement, for valuable consideration, that same day by entering into a written purchase agreement, which shows the total cash price of the Vehicle as $10,156.00.

11. At the time of purchase, for no additional consideration, Plaintiff received an InstaCare Limited Warranty, limited warranty reference number 4B3099, from Defendant.

12. The InstaCare Limited Warranty obligated Defendant to repair or pay for repairs to the vehicle for 90 days or 3,000 miles, whichever comes first, in the event of a problem with the Vehicle due to faulty workmanship or materials or due to a reduction in operating performance of certain covered parts.

13. Because Defendant made a written warranty with respect to the Vehicle, it could not disclaim any implied warranty per 15 U.S.C § 2308(a).

14. Within days of purchase, the check engine light illuminated and the Vehicle went into limp mode.

15. Plaintiff contacted Defendant and arranged a time to return the Vehicle for a repair attempt under the InstaCare Limited Warranty.

16. Plaintiff presented the Vehicle to Defendant within the coverage period of the InstaCare Limited Warranty.

17. Upon information and belief, Defendant performed repairs to the Vehicle under its InstaCare Limited Warranty.

18. Plaintiff retrieved the Vehicle approximately two weeks later, and within two days, the check engine light illuminated and the Vehicle went into limp mode again

19. Plaintiff contacted Defendant and arranged to return the Vehicle for a second repair attempt for the same nonconformity under the InstaCare Limited Warranty.

20. Once again, Defendant performed repairs to the Vehicle under its InstaCare Limited Warranty.

21. When Plaintiff retrieved the Vehicle approximately three weeks later, Defendant admitted that it was unsure what had caused the check engine light to illuminate, but that Plaintiff could and should continue to drive it.

22. Later the same day, Plaintiff barely avoided a collision when the Vehicle went into limp mode.

23. Plaintiff contacted Defendant and arranged to return the Vehicle for a third repair attempt for the same nonconformity under the InstaCare Limited Warranty.

24. Defendant kept the Vehicle for approximately three weeks to perform repairs under its InstaCare Limited Warranty.

25. Before Plaintiff was allowed to retrieve the Vehicle, Defendant demanded that Plaintiff pay Defendant $250.00.

26. The basis for this demand is a clause in the InstaCare Limited Warranty that assesses a deductible of 10% of the total repair.

27. Faced with no choice, as he did not want to abandon the Vehicle, Plaintiff paid $250.00 to Defendant so he could retrieve his Vehicle.

28. As a result of the unreasonable number and length of repair attempts already undertaken under Defendant's warranty, Plaintiff has lost use of the Vehicle and has lost faith that he will ever be able to use it as intended.

## CLASS ALLEGATIONS

29. As a general business practice, Defendant provides the same form "InstaCare Limited Warranty" to each consumer that purchases a vehicle.

30. The InstaCare Limited Warranty is a "written warranty" as that term is defined in 15 U.S.C. § 2301(6).

31. Defendant is therefore a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

32. The vehicles sold by Defendant are each a consumer product, as defined by 15 U.S.C. § 2301(1), in that they are tangible personal property distributed in commerce.

33. As the drafter of the InstaCare Limited Warranty, Defendant knew the terms and conditions at all times herein and at the time of each sale to consumers.

34. The form InstaCare Limited Warranty contains a clause that purports to charge consumers a "deductible" for repair attempts.

35. One of the enumerated obligations of the MWWA is to "remedy such consumer product within a reasonable time and without charge." 15 U.S.C. § 2304(a)(1).

36. It is Defendant's routine practice to violate the MMWA by failing to make repairs "without charge," in violation of 15 U.S.C § 2304(a)(1).

37. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 and 15 U.S.C § 2310(e).

38. The class consists of the following persons: All persons Defendant has on record (1) where such person purchased a vehicle from Defendant, (2) during the four-year period prior to the filing of Plaintiff's Petition, (3) where such person has a Missouri postal address, and (4) Defendant collected any money from Defendant for a repair performed pursuant to the InstaCare Limited Warranty.

39. Plaintiff reserves the right to revise this definition based on facts learned during discovery.

40. Plaintiff is a member of the class he seeks to represent.

41. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high-volume motor vehicle dealership that has sold approximately 6,000 vehicles to Missouri consumers over the last four years.

42. Upon information and belief, Defendant has engaged in the improper assessment of a deductible for its InstaCare Limited Warranty with most if not all of those approximately 6,000 sales.

43. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

44. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

45. Plaintiff's interests in this action are typical of the classes and are antagonistic to the interests of Defendant.

46. Plaintiff has no interest or relationship with Defendant that would prevent him from litigating this matter fully.

47. Plaintiff is aware that settlement of a class action is subject to court approval, and he will vigorously pursue the class claims throughout the course of this action.

48. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same form warranty contract.

49. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

50. The purposes of the MMWA will be best effectuated by a class action.

51. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

52. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

53. Many, if not all, class members are unaware that claims exist against Defendant.

54. There will be no unusual difficulty in the management of this action as a class action.

55. Seven common questions of law and fact predominate over all individual questions of the class: (1) the InstaCare Limited Warranty is a written warranty under the MMWA, (2) Defendant is a warrantor under the MMWA, (3) the vehicles Defendant sells are consumer products under the MMWA, (4) the same or similar InstaCare Limited Warranty forms are used for each transaction between Defendant and consumers, (5) the InstaCare Limited Warranty contains a provision that purports to assess a deductible for warranty repairs, (6) Defendant assessed a deductible for repairs performed pursuant to its InstaCare Limited Warrant to consumers, and (7) whether, by doing so, Defendant violated the MMWA by not remedying the

vehicles without charge.

56. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

57. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

58. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

59. To date, Defendant has not returned any portion of any of the deductibles it has assessed and collected per the InstaCare Limited Warranty from Plaintiff or any of the other class members defined herein.

## COUNT I
## CLASS VIOLATIONS OF THE MMWA

60. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

61. Plaintiff's Vehicle, and other motor vehicles sold to consumers by Defendant are each a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

62. Plaintiff, and the class members, are each a "Consumer" as defined by 15 U.S. C. § 2301(3), in that they purchased a consumer product.

63. The InstaCare Limited Warranty is a "Written Warranty" as defined by 15 U.S.C. § 2301(6).

64. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it in that it supplies vehicles and the accompanying InstaCare Limited Warranty.

65. Section 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

66. Defendant has failed to comply with its obligation to "remedy such consumer product…without charge" per 15 U.S.C. § 2304(a)(1) (emphasis added).

67. As a direct and proximate result of Defendant's failure, Plaintiff and the class members have suffered suffer damages.

68. Plaintiff notified Defendant regarding a breach of warranty within a reasonable time; Defendant nevertheless required Plaintiff, and other consumers, to pay a deductible to obtain repairs pursuant to the InstaCare Limited Warranty.

69. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

      a) Enter an order certifying this action as a Class Action and appointing Andy Howard, Jr. as the representative of the Class;

      b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

      c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the total amount of all deductibles Defendant charged to Plaintiff and each member of the class under the InstaCare Limited Warranty within the four-year period prior to the date of the

filing of this Class Action Petition;

d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT II
## INDIVIDUAL VIOLATIONS OF THE MMWA

70. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

71. The Vehicle is a "good" as defined by § 400.2-103 R.S.Mo.

72. The Vehicle is also a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

73. Plaintiff is a "Buyer" per § 400.2-103 R.S.Mo., in that he bought goods, namely, the Vehicle.

74. Plaintiff is also "Consumer" as defined by 15 U.S. C. § 2301(3), in that he purchased a consumer product.

75. Defendant is a "Seller" per §400.2-103 R.S.Mo. in that it sells or contract to sells goods.

76. Defendant is also a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it in that it supplied a Vehicle and accompanying written warranty.

77. Defendant is a merchant with respect to vehicles, in that it holds itself out as a dealership having knowledge about recreational vehicles in general.

78. A warranty that the Vehicle be merchantable was therefore implied in Plaintiff's purchase, pursuant to § 400.2-314 R.S.Mo.

79. Defendant therefore provided Plaintiff with both a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

80. Section 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

81. Defendant has failed to comply with its obligations under the warranties, in that Defendant did not provide Plaintiff with a vehicle that was not of reasonable quality or fitness.

82. Defendant has also failed to comply with its obligation to "remedy such consumer product within a reasonable time" per 15 U.S.C. § 2304(a)(1).

83. The defects and nonconformities that the vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, per § 400.2-314 R.S.Mo.

84. Plaintiff notified Defendant regarding a breach of warranty within a reasonable time.

85. Defendant has been afforded a reasonable opportunity to cure the Vehicle's nonconformities pursuant to 15 U.S.C. § 2310(e).

86. Plaintiff therefore brings this suit for Defendant's failure to comply with its obligations under the written and implied warranties.

87. As a direct and proximate result of Defendant's failure to comply with the warranties, Plaintiff has suffered suffer damages.

88. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff respectfully demands damages consisting of:

A. The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

B. Costs, including expert witness fees and reasonable attorney's fees; and

C. For such other relief as this court deems just and proper.

<u>**COUNT III**</u>
<u>**INDIVIDUAL VIOLATIONS OF THE MMPA**</u>

89. Plaintiff realleges all preceding paragraphs, and incorporates them by this reference as if fully set forth herein.

90. Plaintiff is a "person" as defined by § 407.010(5) R.S.Mo.

91. Defendant is a "person" as defined by § 407.010(5) R.S.Mo.

92. Plaintiff's purchase of the Vehicle was a "sale" and Defendant's representations about the Vehicle occurred in connection with a "sale" as defined by sections 407.0410(6) and 407.020 R.S.Mo.

93. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

94. In connection with the sale of the Vehicle to Plaintiff, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

95. Defendant misrepresented the mechanical condition of a used vehicle, in violation of 16 C.F.R. § 455.1(a).

96. An unfair business practice under the MMPA includes any method, use or practice that violates a federal or state law intended to protect the public, per 15 C.S.R. § 60-8.090.

97. Defendant misrepresented the quality and condition of the vehicle to Plaintiff.

98. Defendant misrepresented its ability and capability to detect any mechanical defects with the Vehicle.

99. Defendant concealed and suppressed the true condition of the vehicle from Plaintiff.

100. Defendant established the relationship between itself and Plaintiff as one of trust, then traded on that relationship to deceive Plaintiff.

101. Defendant violated its duty of good faith, which is an unfair practice pursuant to 15 C.S.R. § 60-8.040.

102. Plaintiff acted as a reasonable consumer would have in light of the circumstances, and Defendant's unlawful acts would cause a reasonable consumer to purchase the Vehicle

103. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 R.S.Mo.

104. Plaintiff's ascertainable loss of money and/or property can be calculated with a reasonable degree of certainty.

105. Plaintiff demands attorneys' fees pursuant to § 407.025 R.S.Mo.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with his costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances

Respectfully submitted,

**BRODY & CORNWELL**

/s/  Bryan E. Brody
Bryan E. Brody          #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph:  (314)932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

**20SL-CC04968**

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**



For File Stamp Only

ANDY HOWARD JR.
Plaintiff/Petitioner

Date

Case Number

vs.

BOW WOW PROPERTIES I INC. D/B/A INSTACREDIT AUTOMART
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF ANDY HOWARD JR. , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Marybeth Rice, Richard A Raymond, Gary Tillman   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-918-0448
Name of Process Server                                    Address                                              Telephone

Kathleen Landgon, Martin Hueckel, Darren Thebeau,   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                    Address or in the Alternative                              Telephone

Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                    Address or in the Alternative                              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
BOW WOW PROPERTIES I INC. D/B/A INSTACREDIT AUTOMART
Name
C/O R/AGT C T CORPORATION SYSTEM
Address
120 S. CENTRAL AVE., CLAYTON MO 63105
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
Deputy Clerk


_____
Date

/S/ BRYAN E. BRODY
Signature of Attorney/Plaintiff/Petitioner
57580
Bar No.
7730 CARONDELET AVE. - SUITE 135, CLAYTON MO 63105
Address
(314) 932-1068          (314) 228-0338
Phone No.                          Fax No.

CCADM62-WS    Rev. 08/16

Local Rule 28. SPECIAL PROCESS SERVERS

(1)     Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)     The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)     Appointments may list more than one server as alternates.

(B)     The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)     Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)     No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)     Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)     This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | Case Number:  20SL-CC04968 |
| Plaintiff/Petitioner:<br>ANDY HOWARD JR | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>BOW WOW PROPERTIES I INC.<br>DBA:  INSTACREDIT AUTOMART | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  BOW WOW PROPERTIES I INC.**
      Alias:
      **DBA:  INSTACREDIT AUTOMART**
R/A:  C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

  <u>20-OCT-2020</u>         _____
   Date                  Clerk
  **Further Information:**
  LES

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
  Printed Name of Sheriff or Server        Signature of Sheriff or Server
  **Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).
*(Seal)*

        My commission expires: _____  _____
                Date          Notary Public

**Sheriff's Fees,** if applicable

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



*291023*

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 20SL-CC04968

**Andy Howard**

AFFIDAVIT OF SERVICE

Plaintiff,
vs.

**Bow Wow Properties 1 Inc DBA: Instacredit Automart,**

Defendant.

_____/

I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 10/23/2020 at 11:02 AM, I served copies of the Summons and Petition - Circuit Personally upon **Bow Wow Properties 1 Inc DBA: Instacredit Automart** as articulated below.

By delivering a copy to **Amanda Brandon** personally; **Process Specialist** thereof, an authorized person to accept service of process.

Said service was effected at: **CT Corporation System 120 South Central Avenue, Saint Louis, MO 63105.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

**Sex:** Female **Race:** White **Hair:** Blonde **Height:** Medium **Weight:** Thin **Place:** Commercial Building

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, October 23, 2020

Samantha Lynne Clark

Richard A. Raymond

JobNo. 291023

*Fee For Service: $52.20*

MARYBETH RICE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 31, 2023
Commission # 15634440



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 20SL-CC04968 |
|---|---|
| Plaintiff/Petitioner:<br>ANDY HOWARD JR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| Defendant/Respondent:<br>BOW WOW PROPERTIES I INC.<br>DBA: INSTACREDIT AUTOMART | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **BOW WOW PROPERTIES I INC.**
Alias:
**DBA: INSTACREDIT AUTOMART**

R/A: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

20-OCT-2020
Date

_____
Clerk

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)          Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                          Date                          Notary Public