# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ANDY HOWARD, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Cause No: |
| BOW WOW PROPERTIES I INC. d/b/a INSTACREDIT AUTOMART, Serve: R/Agt: C T Corporation System 120 S Central Ave. Clayton, Missouri 63105 | ) ) Division No: ) |
| Defendant. | ) |

## INTRA-STATE CLASS ACTION PETITION

**COMES NOW** Plaintiff Andy Howard, Jr., by and through his undersigned counsel, and asserts his cause of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA") and the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*) (the "MMWA") against Defendant Bow Wow Properties I Inc. and in support thereof, states to the Court the following:

## BACKGROUND

1. Plaintiff is adult individual resident of the State of Missouri.

2. Defendant Bow Wow Properties I Inc. is a domestic corporation, registered and in good standing with the Missouri Secretary of State.

3. Defendant owns the fictitious name InstaCredit AutoMart with the Missouri Secretary of State and operates Missouri dealership number D6815.

4. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

5. This Court has the statutory authority to grant the relief requested herein pursuant to § 407.025 R.S.Mo, and 15 U.S.C. § 2310(d).

6. Venue is proper in St. Louis County pursuant to § 407.025 R.S.Mo., where Defendant resides care of its registered agent and its registered office.

7. Defendant offered for sale a 2013 Chevrolet Spark bearing the Vehicle Identification Number KL8CF6S9XDC500674 (hereinafter the "Vehicle").

8. Defendant represented to Plaintiff that Defendant had employees that were capable of and had performed a comprehensive inspection of the Vehicle that revealed no mechanical problems.

9. Plaintiff purchased the Vehicle from Defendant on April 7, 2020.

10. Plaintiff and Defendant memorialized their agreement, for valuable consideration, that same day by entering into a written purchase agreement, which shows the total cash price of the Vehicle as $10,156.00.

11. At the time of purchase, for no additional consideration, Plaintiff received an InstaCare Limited Warranty, limited warranty reference number 4B3099, from Defendant.

12. The InstaCare Limited Warranty obligated Defendant to repair or pay for repairs to the vehicle for 90 days or 3,000 miles, whichever comes first, in the event of a problem with the Vehicle due to faulty workmanship or materials or due to a reduction in operating performance of certain covered parts.

13. Because Defendant made a written warranty with respect to the Vehicle, it could not disclaim any implied warranty per 15 U.S.C § 2308(a).

14. Within days of purchase, the check engine light illuminated and the Vehicle went into limp mode.

15. Plaintiff contacted Defendant and arranged a time to return the Vehicle for a repair attempt under the InstaCare Limited Warranty.

16. Plaintiff presented the Vehicle to Defendant within the coverage period of the InstaCare Limited Warranty.

17. Upon information and belief, Defendant performed repairs to the Vehicle under its InstaCare Limited Warranty.

18. Plaintiff retrieved the Vehicle approximately two weeks later, and within two days, the check engine light illuminated and the Vehicle went into limp mode again

19. Plaintiff contacted Defendant and arranged to return the Vehicle for a second repair attempt for the same nonconformity under the InstaCare Limited Warranty.

20. Once again, Defendant performed repairs to the Vehicle under its InstaCare Limited Warranty.

21. When Plaintiff retrieved the Vehicle approximately three weeks later, Defendant admitted that it was unsure what had caused the check engine light to illuminate, but that Plaintiff could and should continue to drive it.

22. Later the same day, Plaintiff barely avoided a collision when the Vehicle went into limp mode.

23. Plaintiff contacted Defendant and arranged to return the Vehicle for a third repair attempt for the same nonconformity under the InstaCare Limited Warranty.

24. Defendant kept the Vehicle for approximately three weeks to perform repairs under its InstaCare Limited Warranty.

25. Before Plaintiff was allowed to retrieve the Vehicle, Defendant demanded that Plaintiff pay Defendant $250.00.

26. The basis for this demand is a clause in the InstaCare Limited Warranty that assesses a deductible of 10% of the total repair.

27. Faced with no choice, as he did not want to abandon the Vehicle, Plaintiff paid $250.00 to Defendant so he could retrieve his Vehicle.

28. As a result of the unreasonable number and length of repair attempts already undertaken under Defendant's warranty, Plaintiff has lost use of the Vehicle and has lost faith that he will ever be able to use it as intended.

## CLASS ALLEGATIONS

29. As a general business practice, Defendant provides the same form "InstaCare Limited Warranty" to each consumer that purchases a vehicle.

30. The InstaCare Limited Warranty is a "written warranty" as that term is defined in 15 U.S.C. § 2301(6).

31. Defendant is therefore a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

32. The vehicles sold by Defendant are each a consumer product, as defined by 15 U.S.C. § 2301(1), in that they are tangible personal property distributed in commerce.

33. As the drafter of the InstaCare Limited Warranty, Defendant knew the terms and conditions at all times herein and at the time of each sale to consumers.

34. The form InstaCare Limited Warranty contains a clause that purports to charge consumers a "deductible" for repair attempts.

35. One of the enumerated obligations of the MWWA is to "remedy such consumer product within a reasonable time and without charge." 15 U.S.C. § 2304(a)(1).

36. It is Defendant's routine practice to violate the MMWA by failing to make repairs "without charge," in violation of 15 U.S.C § 2304(a)(1).

37. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 and 15 U.S.C § 2310(e).

4

38. The class consists of the following persons: All persons Defendant has on record (1) where such person purchased a vehicle from Defendant, (2) during the four-year period prior to the filing of Plaintiff's Petition, (3) where such person has a Missouri postal address, and (4) Defendant collected any money from Defendant for a repair performed pursuant to the InstaCare Limited Warranty.

39. Plaintiff reserves the right to revise this definition based on facts learned during discovery.

40. Plaintiff is a member of the class he seeks to represent.

41. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high-volume motor vehicle dealership that has sold approximately 6,000 vehicles to Missouri consumers over the last four years.

42. Upon information and belief, Defendant has engaged in the improper assessment of a deductible for its InstaCare Limited Warranty with most if not all of those approximately 6,000 sales.

43. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

44. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

45. Plaintiff's interests in this action are typical of the classes and are antagonistic to the interests of Defendant.

46. Plaintiff has no interest or relationship with Defendant that would prevent him from litigating this matter fully.

47. Plaintiff is aware that settlement of a class action is subject to court approval, and he will vigorously pursue the class claims throughout the course of this action.

48. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same form warranty contract.

49. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

50. The purposes of the MMWA will be best effectuated by a class action.

51. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

52. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

53. Many, if not all, class members are unaware that claims exist against Defendant.

54. There will be no unusual difficulty in the management of this action as a class action.

55. Seven common questions of law and fact predominate over all individual questions of the class: (1) the InstaCare Limited Warranty is a written warranty under the MMWA, (2) Defendant is a warrantor under the MMWA, (3) the vehicles Defendant sells are consumer products under the MMWA, (4) the same or similar InstaCare Limited Warranty forms are used for each transaction between Defendant and consumers, (5) the InstaCare Limited Warranty contains a provision that purports to assess a deductible for warranty repairs, (6) Defendant assessed a deductible for repairs performed pursuant to its InstaCare Limited Warrant to consumers, and (7) whether, by doing so, Defendant violated the MMWA by not remedying the

vehicles without charge.

56. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

57. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

58. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

59. To date, Defendant has not returned any portion of any of the deductibles it has assessed and collected per the InstaCare Limited Warranty from Plaintiff or any of the other class members defined herein.

## COUNT I
## CLASS VIOLATIONS OF THE MMWA

60. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

61. Plaintiff's Vehicle, and other motor vehicles sold to consumers by Defendant are each a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

62. Plaintiff, and the class members, are each a "Consumer" as defined by 15 U.S.C. § 2301(3), in that they purchased a consumer product.

63. The InstaCare Limited Warranty is a "Written Warranty" as defined by 15 U.S.C. § 2301(6).

64. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it in that it supplies vehicles and the accompanying InstaCare Limited Warranty.

7

65. Section 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

66. Defendant has failed to comply with its obligation to "remedy such consumer product…without charge" per 15 U.S.C. § 2304(a)(1) (emphasis added).

67. As a direct and proximate result of Defendant's failure, Plaintiff and the class members have suffered suffer damages.

68. Plaintiff notified Defendant regarding a breach of warranty within a reasonable time; Defendant nevertheless required Plaintiff, and other consumers, to pay a deductible to obtain repairs pursuant to the InstaCare Limited Warranty.

69. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

a) Enter an order certifying this action as a Class Action and appointing Andy Howard, Jr. as the representative of the Class;

b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the total amount of all deductibles Defendant charged to Plaintiff and each member of the class under the InstaCare Limited Warranty within the four-year period prior to the date of the

      filing of this Class Action Petition;

    d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

    e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

    f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT II
## INDIVIDUAL VIOLATIONS OF THE MMWA

70. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

71. The Vehicle is a "good" as defined by § 400.2-103 R.S.Mo.

72. The Vehicle is also a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

73. Plaintiff is a "Buyer" per § 400.2-103 R.S.Mo., in that he bought goods, namely, the Vehicle.

74. Plaintiff is also "Consumer" as defined by 15 U.S. C. § 2301(3), in that he purchased a consumer product.

75. Defendant is a "Seller" per §400.2-103 R.S.Mo. in that it sells or contract to sells goods.

76. Defendant is also a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it in that it supplied a Vehicle and accompanying written warranty.

77. Defendant is a merchant with respect to vehicles, in that it holds itself out as a dealership having knowledge about recreational vehicles in general.

78. A warranty that the Vehicle be merchantable was therefore implied in Plaintiff's purchase, pursuant to § 400.2-314 R.S.Mo.

79. Defendant therefore provided Plaintiff with both a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

80. Section 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

81. Defendant has failed to comply with its obligations under the warranties, in that Defendant did not provide Plaintiff with a vehicle that was not of reasonable quality or fitness.

82. Defendant has also failed to comply with its obligation to "remedy such consumer product within a reasonable time" per 15 U.S.C. § 2304(a)(1).

83. The defects and nonconformities that the vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, per § 400.2-314 R.S.Mo.

84. Plaintiff notified Defendant regarding a breach of warranty within a reasonable time.

85. Defendant has been afforded a reasonable opportunity to cure the Vehicle's nonconformities pursuant to 15 U.S.C. § 2310(e).

86. Plaintiff therefore brings this suit for Defendant's failure to comply with its obligations under the written and implied warranties.

87. As a direct and proximate result of Defendant's failure to comply with the warranties, Plaintiff has suffered suffer damages.

88. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff respectfully demands damages consisting of:

A. The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

B. Costs, including expert witness fees and reasonable attorney's fees; and

C. For such other relief as this court deems just and proper.

## COUNT III
## INDIVIDUAL VIOLATIONS OF THE MMPA

89. Plaintiff realleges all preceding paragraphs, and incorporates them by this reference as if fully set forth herein.

90. Plaintiff is a "person" as defined by § 407.010(5) R.S.Mo.

91. Defendant is a "person" as defined by § 407.010(5) R.S.Mo.

92. Plaintiff's purchase of the Vehicle was a "sale" and Defendant's representations about the Vehicle occurred in connection with a "sale" as defined by sections 407.0410(6) and 407.020 R.S.Mo.

93. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

94. In connection with the sale of the Vehicle to Plaintiff, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

95. Defendant misrepresented the mechanical condition of a used vehicle, in violation of 16 C.F.R. § 455.1(a).

96. An unfair business practice under the MMPA includes any method, use or practice that violates a federal or state law intended to protect the public, per 15 C.S.R. § 60-8.090.

97. Defendant misrepresented the quality and condition of the vehicle to Plaintiff.

98. Defendant misrepresented its ability and capability to detect any mechanical defects with the Vehicle.

99. Defendant concealed and suppressed the true condition of the vehicle from Plaintiff.

100. Defendant established the relationship between itself and Plaintiff as one of trust, then traded on that relationship to deceive Plaintiff.

101. Defendant violated its duty of good faith, which is an unfair practice pursuant to 15 C.S.R. § 60-8.040.

102. Plaintiff acted as a reasonable consumer would have in light of the circumstances, and Defendant's unlawful acts would cause a reasonable consumer to purchase the Vehicle

103. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 R.S.Mo.

104. Plaintiff's ascertainable loss of money and/or property can be calculated with a reasonable degree of certainty.

105. Plaintiff demands attorneys' fees pursuant to § 407.025 R.S.Mo.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with his costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody        #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph: (314)932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*