UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDY HOWARD, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20 CV 1631 CDP |
| BOW WOW PROPERTIES I, INC., d/b/a InstaCredit AutoMart, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

Plaintiff Andy Howard, Jr., originally filed this action in the Circuit Court of St. Louis County, Missouri, alleging violations of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301, *et seq.*, and the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010.  Defendant Bow Wow Properties I, Inc., removed the action to this Court on November 18, 2020, averring that Howard's claims under the MMWA bring the action within this Court's federal question jurisdiction under 28 U.S.C. § 1331.  Bow Wow asserts no other basis for removal.  Because this Court does not have subject-matter jurisdiction over this action, I will grant Howard's motion to remand the matter to state court.

## Background

In April 2020, Howard purchased an automobile from Bow Wow for $10,156.  At the time of purchase, Bow Wow provided to Howard a written

InstaCare Limited Warranty that obligated Bow Wow to repair or pay for repairs to the vehicle for ninety days or 3000 miles, whichever came first.  Within days of purchase, the vehicle's check-engine light went on and the car went into "limp mode."  Howard returned the vehicle to Bow Wow for repair.  Howard picked up the car from Bow Wow approximately two weeks later, after which the car again went into limp mode.  Howard again returned the vehicle to Bow Wow for repair.  About three weeks later, Howard picked up the vehicle and it immediately went into limp mode.  Howard returned the vehicle to Bow Wow a third time, and Bow Wow again kept the vehicle several weeks for repair.  Before Howard could retrieve the car after this third repair, however, Bow Wow demanded that Howard pay $250 based on a clause in the warranty that assessed a deductible of 10% of the total cost of repair.  Howard paid the $250 and retrieved his vehicle.

Howard filed this action in state court alleging that Bow Wow failed to make repairs to his purchased vehicle "without charge," in violation of the MMWA, and specifically 15 U.S.C. § 2304(a)(1).  In Count 1 of his complaint, Howard seeks relief under the MMWA on behalf of a class of Missouri residents who purchased a vehicle from Bow Wow within the last four years and from whom Bow Wow collected money for a repair performed under the InstaCare Limited Warranty.  Howard estimates that Bow Wow sold approximately 6000 vehicles that meet the parameters of this claim.  In Count 2, Howard seeks individual relief under the MMWA, seeking recovery of the purchase price of the vehicle, collateral charges,

finance charges, and incidental and consequential damages. In Count 3, Howard brings an individual claim under the MMPA, alleging that Bow Wow engaged in fraudulent and deceptive practices in its sale of the vehicle to him.

Bow Wow removed the action to federal court, averring that Howard's claims under the MMWA bring this case within this Court's federal question jurisdiction. Howard moves to remand, arguing that under the jurisdictional standards set out in the MMWA, his claims are not cognizable in federal court. For the following reasons, Howard's argument is well taken.

## Legal Standard

In removal cases, I must review the complaint or petition pending at the time of removal to determine the existence of federal subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). I may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Iowa Power*, 561 F.3d at 912.

## Federal Jurisdiction under the MMWA

The MMWA provides that "a consumer who is damaged by the failure of a

3

supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). It is a "remedial statute designed to protect the purchasers of consumer goods from deceptive warranty practices." *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 622 (D.S.C. 2006) (internal quotation marks and citations omitted). Although suit may be filed in state or federal court, 15 U.S.C. § 2310(d)(1), "no claim shall be cognizable in a suit" brought in federal court

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3). "Section 2310(d) is designed to restrict access to federal courts." *Schwiesow v. Winston Furniture Co.*, 74 F. Supp. 2d 544, 546 (M.D.N.C. 1999) (internal quotation marks and citation omitted); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1030 (4th Cir. 1983) (per curiam). I consider only MMWA claims in determining whether federal jurisdiction exists under § 2310(d)(3). *Critney v. National City Ford, Inc.*, 255 F. Supp. 2d 1146 (S.D. Cal. 2003).

## Discussion

Howard moves to remand this action back to state court, arguing that the MMWA claims are not cognizable in this Court because a) only one plaintiff is

named in the class action, and b) the amount in controversy on his individual MMWA claim is less than $50,000.  In response, Bow Wow concedes that the class action claim raised in Count 1 does not meet the jurisdictional threshold of 100 or more named plaintiffs as required by § 2310(d)(3)(C).  And it also concedes that Howard's individual MMWA claim raised in Count 2, when considered alone, does not meet the $50,000 amount-in-controversy threshold under § 2310(d)(3)(B). Bow Wow argues, however, that the "all claims" language of § 2310(d)(3)(B) requires that the amount in controversy on the MMWA class action claim be considered in conjunction with that on Howard's individual MMWA claim in determining whether the $50,000 threshold is met.  Bow Wow contends that because such computation here exceeds $50,000, § 2310(d)(3)(B) provides original federal question jurisdiction over Howard's individual MMWA claim in Count 2, thereby permitting me to exercise supplemental jurisdiction over Counts 1 and 3 under 28 U.S.C. § 1367.  For the following reasons, I disagree.

      In construing a statute, I must, if possible, give effect to every word Congress used.  *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).  However, I may not construe a statute in a manner which robs specific provisions of independent effect.  *See In re Cervantes*, 219 F.3d 955, 961 (9th Cir. 2000); *Woo v. American Honda Motor Co.*, 462 F. Supp. 3d 1009, 1015 (N.D. Cal. 2020).  If I were to include an otherwise non-cognizable class action claim in computing § 2310(d)(3)(B)'s $50,000 amount-in-controversy threshold as Bow Wow urges me

to do, § 2310(d)(3)(C)'s 100-named-plaintiffs requirement for class actions is rendered meaningless. Indeed, such a construction would allow virtually any non-cognizable class action on warranty claims to be brought into federal court merely because an individual claim – which is non-cognizable in itself – is present. Because this construction of § 2310(d)(3)(B) would effectively negate a specific provision of the statute and, further, runs counter to the statute's design to restrict access to federal courts, I will not construe this jurisdictional provision of the statute in this manner.

In *Critney v. National City Ford, Inc.*, the district court similarly determined not to read § 2310(d)(3)(B) in a vacuum but instead read it in context with Subparts (A) and (C) of § 2310(d)(3):

> Subpart (A) sets a minimum dollar value of $25.00 for individual MMWA claims, and Subpart (C) sets a floor of one hundred named plaintiffs. When Subpart (B) is read in context, it is apparent that the term "all claims" most likely refers to the sum of all of the individual MMWA claims contemplated in Subpart (A). Thus, Subpart (A) establishes a minimum dollar value for individual MMWA claims, Subpart (B) establishes a minimum dollar value for the sum of all of the individual MMWA claims, and Subpart (C) establishes the minimum number of plaintiffs required if the suit is a class action. An MMWA suit that does not comport with the three requirements must be litigated in state court.

255 F. Supp. 2d at 1148. Howard's claim raised in Count 2 of the complaint is the only individual MMWA claim in this lawsuit. Howard avers and Bow Wow concedes that the amount in controversy on this individual claim is $10,406. Because the sum of all individual MMWA claims in this lawsuit is less than

6

$50,000, § 2310(d)(3)(B) does not provide this Court with original federal subject-matter jurisdiction over the individual claim raised in Count 2.

And to consider the non-cognizable class action claim in determining jurisdiction under § 2310(d)(3)(B) would be an impermissible form of jurisdictional "bootstrapping," that is, relying on claims over which the Court could exercise only supplemental jurisdiction to provide the source of its original jurisdiction.  *See Critney*, 255 F. Supp. 2d at 1148-49.  That is exactly what Bow Wow asks me to do here.  Because Howard's class action claim does not meet the federal jurisdictional requirement of 100 named plaintiffs under § 2310(d)(3)(C), I can exercise only supplemental jurisdiction over the claim.  But I can exercise supplemental jurisdiction only if there first exists a related claim over which the Court has original jurisdiction.  28 U.S.C. § 1367(a).  "In other words, original jurisdiction is a *prerequisite* to the district court's exercise of supplemental jurisdiction."  *Critney*, 255 F. Supp. 2d at 1148 (emphasis in *Critney*).  Accordingly, because my determination of whether original jurisdiction exists does not include consideration of claims over which I can exercise only supplemental jurisdiction, the amount in controversy on Howard's non-cognizable class action claim is not relevant to the determination of original jurisdiction in this action.

Several other courts have reached the same conclusion, that is, that § 2310(d)(3)(B)'s $50,000 jurisdictional threshold is measured by only individual MMWA claims and does not include non-cognizable class action claims.  For

7

instance, in *Woo v. American Honda Motor Co.*, three named plaintiffs brought a nine-count action in federal court that included a MMWA claim on behalf of themselves and on behalf of a putative class. The district court determined that it did not have federal subject-matter jurisdiction over the MMWA claim under § 2310(d)(3)(C) because there were less than 100 named plaintiffs. 462 F. Supp. 3d at 1015. And it determined that it did not have federal subject-matter jurisdiction under § 2310(d)(3)(B) because the facts alleged in the complaint did not support a finding that the three named plaintiffs sought to recover $50,000 or more. *Id.* Significantly, the court likewise did not exercise original jurisdiction over the MMWA claim under the Class Action Fairness Act (CAFA), but not because it did not meet the $5 million jurisdictional threshold. Rather, it determined that to permit federal jurisdiction on the claim in this manner would run counter to the rule that "'a statute should not be construed in a manner which robs specific provisions of independent effect.'" *Id.* (quoting *In re Cervantes*, 219 F.3d at 961). Because CAFA jurisdiction existed over the remaining eight claims, however, the court determined to exercise supplemental jurisdiction over the otherwise non-cognizable MMWA claim under 28 U.S.C. § 1367(a). *Id.* at 1016.

In *Lieb v. American Motors Corp.*, a single plaintiff brought a four-count class action that included a claim under the MMWA. The district court found that federal subject-matter jurisdiction over the MMWA class action claim was "clearly lacking" under § 2310(d)(3)(C) given that only one plaintiff was named in the

complaint. 538 F. Supp. 127, 132 (S.D. N.Y. 1982). In determining whether the $50,000 jurisdictional threshold under § 2310(d)(3)(B) was met, the court looked to the claim of the one named plaintiff – not the potential recovery of the putative class. Because less than $50,000 was in controversy on plaintiff's individual claim, the court dismissed the claim for not meeting the jurisdictional requirement. *Id.* at 132-35.

In *Holland v. Cole Nat'l Corp.*, the district court dismissed the sole plaintiff's MMWA claim for lack of jurisdiction, adopting the magistrate judge's recommendation to dismiss because the claim failed to meet the 100-named-plaintiff requirement for a class action under § 2310(d)(3)(C) and, further, because plaintiff's individual claim did not meet the $50,000 threshold under § 2310(d)(3)(B). No. 7:04-CV-246, 2005 WL 1799540 (W.D. Va. July 28, 2005), *adopting report & recommendation*, 2005 WL 1242349 (W.D. Va. May 24, 2005). *Cf. Miller v. Hypoguard USA, Inc.*, No. 05-CV-0186-DRH, 2005 WL 2089212, at *3-4 (S.D. Ill. 2005) (federal court has subject-matter jurisdiction under the MMWA when, in a class action brought by two named plaintiffs, it's plausible that at least one member of proposed class would cross $50,000 threshold). *But see Barr v. General Motors Corp.*, 80 F.R.D. 136, 138 (S.D. Ohio 1978) ("[G]iven the size of the class sought to be represented, the aggregate amount in controversy in a class action would be in excess of $50,000.").

Accordingly, for the reasons set out above, the MMWA does not provide

federal question jurisdiction over this action.  And Bow Wow provides no other argument or evidence establishing any other basis for federal subject-matter jurisdiction.  In view of this determination, and in consideration of the caveat that all doubts about federal jurisdiction must be resolved in favor of remand, I will remand this case to state court.  28 U.S.C. § 1447(c).

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Andy Howard, Jr.'s Motion to Remand [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed.  All other motions that remain pending in this action are reserved for ruling by that court.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2021.